JOSÉ GAYA SAGRERA, Appellant, v. REGISTRAR OF PROPERTY OF BAYAMÓN, Respondent.

No. 1145. Submitted June 1, 1944.—Decided June 16, 1944.

*Edelmiro Martínez Rivera* and *Luis Blanco Lugo* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Oscar Vere and his wife, owners of two rural estates re-corded in the registry of property as having a measurement of 12 *cuerdas* and 6.15 *cuerdas*, respectively, grouped them so as to form one parcel, which they sold by public instru-ment to the petitioner, José Gaya Sagrera. In the deed of sale it was stated that upon making the grouping the estates. were surveyed by the engineer Juan Emilio Canals, and it turned out that they had a total area of 22.664 *cuerdas,* which made an excess of 4.514 *cuerdas* over the area of 18.15 *cuerdas.* which both estates had according to the registry.

When the instrument was presented for record in the reg-istry, a certificate of survey subscribed by Engineer Canals. was attached thereto, in which it was stated that said estates. being adjacent and constituting one unit, they were surveyed jointly and that ''to verify said survey the adjoining land-owners (mentioned by their names) were summoned, all of whom were personally notified that said survey would be-made by me as required by Oscar Vere on the aforesaid date, and given notice of their right to check the boundary points that would be considered to make the survey in order to determine the true area of the parcel, none of said adjoining

landowners making any objection or claim regarding said boundary points." (Parenthetical matter supplied.)

The registrar recorded the instrument as to the 18.15 *cuerdas* which the estates were recorded as having, but refused to record the excess of 4.514 *cuerdas,* for the following reasons which he expressed in his ruling:

". . . First: because said excess does not appear recorded in favor of vendors Oscar Vere and Clara Canals; second, that although it is stated in the instrument that said grouped parcel has been surveyed, showing said excess which is more than the twenty per cent allowed by the law and jurisprudence, there was not attached to it the plat of said survey nor any document in which the adjoining landowners, after having been notified, agree to have said excess in area recorded in the registry because their rights as adjoining owners would not be injured (*Muriente* v. *Registrar,* 47 P.R.R. 232, 236; *Pellón* v. *Registrar,* 53 P.R.R. 501, 504; *Delgado* v. *Registrar of Arecibo,* 59 P.R.R. 807; *Portocarrero* v. *Registrar,* 34 P.R.R. 283; *Aboy* v. *Registrar,* 52 P.R.R. 143). Third: that although there was attached a certificate sworn to before a notary public by Juan Emilio Canals, the engineer who claims to have made the survey of said grouped parcel, in which he states that notice was given to the adjoining landowners upon making said survey, and that said owners did not make any objection to it, said document is not enough, since the above-mentioned surveyor has not the power to assume the representation of the adjoining landowners in whose name he accepts the fact that said rectification of area, made pursuant to the aforesaid survey, does not injure said interested third parties, since they are the only ones who could ratify and accept said declarations and none have appeared in the deed in which said rectification is made nor have they subscribed the declaration attached (*Puerto Rico Land Authority* v. *Registrar,* 62 P.R.R. 483) ; . . . .".

The interpretation and scope which the defendant has given to our decision in *Land Authority* v. *Registrar,* 62 P.R.R. 483, in his ruling as well as in his brief, is totally wrong when he maintains that in view of said case we overruled *Muriente* v. *Registrar,* 47 P.R.R. 232, deciding that "the notification of adpoining handowners includes the requisite of acceptance on the part of said owners. . ." Nor

did we decide in said case that adjoining landowners should appear in a deed of sale accepting as true the facts alleged in the same.

On the contrary, our decision in the case of *Land Authority* v. *Registrar, supra,* cited with approval that of *Muriente* v. *Registrar,* and we expressly decided, at page 485, that the excess in the measurement of an estate upon being surveyed could be recorded and that "such recording may be obtained by following the procedure established by the decisions, that is, by making a survey upon summoning the adjacent owners and establishing the survey as well as the summons and attaching to the deed a certificate of the surveyor to that effect."

Petitioner in this case satisfied those requisites, and the registrar could not require anything else. Therefore, the ruling appealed from must be reversed in so far as it denied the recording of the excess in the measurement of the grouped parcel.